■ JEAN N. LEVY, Appellant, v MORRIS LEVY et al., Respondents,—Judgment, Supreme Court, New York County, entered March 1, 1976, dismissing plaintiff's complaint and granting judgment for divorce to defendant husband is unanimously modified, without costs and without disbursements, on the law and the facts in the following respects: (a) the words "her abandonment of defendant for a period of more than one year, and her cruel and inhuman treatment of him" are stricken from the fifth decretal paragraph of the judgment; and (b) defendant shall not be entitled to any credits for payments made by him toward the maintenance of the farm property on the division of the proceeds of the sale of the farm property under the twelfth and thirteenth decretal paragraphs of the judgment. In all other respects the judgment is affirmed. Plaintiff's claims for divorce presented issues of fact which the Trial Justice, sitting as trier of the facts in this nonjury trial, resolved against the plaintiff, on evidence reasonably supporting such determination. The Trial Justice did not abuse his discretion in refusing to permit plaintiff to reopen her case on her claim based on cruel and inhuman treatment after plaintiff had deliberately rested; no adequate excuse was given for plaintiff's withholding any evidence before she rested; and the evidence proposed to be offered was either inadmissible or not particularly significant. Defendant's claim for divorce on the ground of adultery again presented a question of fact which the Trial Justice resolved in defendant's favor, on evidence reasonably supporting such determination. While the Trial Justice was in error in drawing an unfavorable inference against plaintiff from the male correspondent's invocation of the privilege against self incrimination, it is apparent that the Trial Justice's evaluation of the evidence would have been and was the same even without that inference. Defendant husband's claim of cruel and inhuman treatment was based upon plaintiff wife's unjustified charge of adultery against him. But while we cannot approve of it, the fact is that unjustified charges are constantly made in matrimonial pleadings; they are in no sense the cause of the marital breakup but frequently merely a reaction to the emotional stresses of the litigation. When such a charge is made only in the pleadings, we do not think that the making of the charge in the pleadings should or can be a basis for divorce, particularly where there is no showing of any permanent emotional or physical harm to the other party. We note that in this case the charge of adultery was only made by the wife in a counter-

claim to an action in which the husband charged her with adultery. The husband's charge of abandonment is based on the wife's failure to have sexual relations with him. It is apparent that this failure, insofar as it may be deemed abandonment, was not abandonment "for a period of one or more years." (Domestic Relations Law, § 170, subd [2].) Before the expiration of a year, the parties voluntarily separated under a without prejudice agreement. With respect to the division of the proceeds of the sale of the farm property, jointly owned by husband and wife, the husband claims that he has made payments apparently toward the maintenance of the property after the separation of the parties in January, 1973 and that he is entitled to charge against the wife's proceeds of the sale one half of such payments. We do not agree with the husband's contention. To the extent the payments were made while the parties had equal right of possession to the farm property, they were merely the husband's contribution to the joint marital country abode; to the extent that they were made after the husband was granted exclusive possession of the farm, only the husband got the benefit of such payments. Accordingly, the wife should not be charged with such maintenance payments. The record is not clear as to whether the husband contends that there were any payments made after the separation that were not maintenance (e.g., reduction of principal of mortgage, etc.) and for which he claims credit. If there is such a claim, we leave that for determination after exploration of the facts by the trial court or the Special Referee. MOTION FOR STAY The judgment appealed from directs the sale of the cooperative apartment jointly owned by the parties and the equal division of the net proceeds of the sale. This provision is apparently not objected to. During the pendency of the appeal, however, the plaintiff moved for a stay of the entire judgment including the provision for a sale of the apartment. At that time, by affidavit dated March 25, 1976, defendant's attorney indicated "that the likelihood of the apartment actually being sold within the next six months is quite remote." This court denied the motion for a stay pending appeal. Plaintiff now seeks a reconsideration of that decision and a stay of the sale of the apartment until the special referee shall have determined the amounts of money due plaintiff from the sale of the farm property. Plaintiff says that the fund realized by that sale amounted to approximately $170,000, and that on April 22, 1976 defendant said that he himself would purchase the apartment for the upset price of $125,000. Plaintiff says that the distribution of the funds created by the sale of the farm property would place her in a position at least to bid for the apartment in which she now lives. Defendant's only response to the renewed application for a stay is that defendant had only seven days' notice of the motion rather than the required eight days' notice. There seems to be some question as to whether there will be other claims on plaintiff's share of the funds besides the defendant's claims; but in any event, defendant's claims should not unnecessarily hold up the distribution of plaintiff's share of the proceeds of the farm property. It may be that our decision that defendant husband may not charge the wife for maintenance of the farm property has eliminated any serious dispute as to the amounts the wife may be entitled to. But in any event, we are denying the stay on condition that defendant husband shall at least five days before the submission of the order herein serve a written statement of whether he claims any credits against the wife's share of the fund other than the maintenance which we have disallowed, and if he does claim such credits, the nature and amount of each item so claimed, and that the husband shall consent so far as he and his claims are concerned to a distribution to the wife of the net balance of her

half of the proceeds, after deduction of the amount of nonmaintenance credits claimed; otherwise, the stay will be granted pending the final determination of the amount the wife will receive from the farm property. Settle orders on 10 days' notice. Concur—Kupferman, J. P., Birns, Silverman and Nunez, JJ.