■ In the Matter of GERMAINE B. et al., Children Alleged to be Abused. ALICE B. et al., Appellants; COMMISSIONER OF SOCIAL SERVICES, Respondent. — Order of the Family Court, Bronx County (Zuckerman, J.), entered September 9, 1981, denying application of respondents-appellants for a six-month continuance of a child abuse proceeding until the conclusion of related criminal

proceedings against them, unanimously affirmed, without costs. Respondents-appellants, Alice B. and Henry R. B., parents of two children in a child abuse proceeding, appeal from an order of the Family Court denying their oral application for a six-month continuance of the proceedings against them until the conclusion of related criminal proceedings charging them with manslaughter in the second degree and criminally negligent homicide in connection with the death of a third child. The principal issue is raised by the contention of respondents-appellants that their constitutionally protected right against self incrimination will be violated if they are required to proceed to trial in the pending Family Court child abuse proceeding prior to the trial in the criminal case. In substance, respondents-appellants argue that it is impermissible to confront them with the choice of giving testimony in the Family Court proceeding that might thereafter be used against them in the criminal trial, or suffer the disadvantage arising from their failure to testify. Abundant appellate authority establishes that no violation of constitutional rights occurs when a party is required to proceed in a civil proceeding before adjudication of related criminal charges. (See *Baxter v Palmigiano,* 425 US 308; *Diebold v Civil Serv. Comm. of St. Louis County,* 611 F2d 697; *United States v White,* 589 F2d 1283; *Arthurs v Stern,* 560 F2d 477, cert den 434 US 1034; cf. *Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31.) The situation presented is clearly to be distinguished from those in which an automatic penalty follows the failure of a witness or party to testify in a proceeding. (Cf. *Gardner v Broderick,* 392 US 273; *Garrity v New Jersey,* 385 US 493; *Spevack v Klein,* 385 US 511; *Lefkowitz v Cunningham,* 431 US 801.) The question thus is one addressed to the discretion of the Family Court, and we are not persuaded under the circumstances presented that the denial of the application constituted an abuse of discretion. The Family Court clearly had the right to consider the interests of the children in an expeditious determination of the child abuse proceedings. In finding no abuse of discretion under the circumstances presented, we do not intend to minimize the possible disadvantage to those in the position of respondents-appellants in being required to proceed first with a child abuse proceeding intimately related to a pending criminal charge. We also appreciate that a just resolution of the Family Court proceeding might be furthered by the removal of an impediment to relevant testimony by critical witnesses. Clearly the preferable resolution of the dilemma presented is, when reasonably possible, to try the criminal case so promptly that it would avoid any harmful delay in the determination of the important matters before the Family Court. What is urgently required is the close and active cooperation of the Judges in charge of the separate proceedings, the counsel for the varied parties, and the parties themselves. Concur — Sandler, J. P., Sullivan, Bloom and Asch, JJ.