■ In the Matter of BEVERLY SS., Alleged to be an Abused Child. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ORIN SS., Appellant.—Kane, J. Appeal from an order of the Family Court of Tioga County (Siedlecki, J.), entered January 6, 1987, which, *inter alia,* in a proceeding pursuant to Family Court Act article 10 denied respondent's application for an order returning Beverly SS. to his custody.

Beverly SS. (hereinafter the subject child), born on November 13, 1979, is the daughter of Ann TT. (hereinafter the mother) and respondent, who are not married but have resided together for many years. Respondent was adjudicated the father of the subject child by an order of filiation.

In response to allegations that respondent was sexually abusing the subject child, contained in a report made to the State child abuse hotline, Dorothy Forbes, a caseworker from petitioner, the Tioga County Department of Social Services, interviewed the subject child at her school in the Town of Waverly, Tioga County, on October 24, 1986. When the mother and respondent arrived at the school to pick up the subject child, State Police Investigator John Sherman, accompanied by Forbes, requested that they and the subject child meet them at the Waverly police station.

Upon their arrival at the police station, Sherman separated respondent from the mother and the subject child, placed him under arrest on a charge of having sexually abused the child and incarcerated him. At the same time, Forbes took the mother and the subject child to a different part of the station and interviewed them.

According to Forbes, she wrote out a consent form for the voluntary placement of the subject child in temporary foster care and read it to the mother. Prior to the mother signing the form, Forbes explained that she could either sign the form or petitioner would have to seek a court order for the placement of the subject child in petitioner's custody. According to Forbes, the mother fully understood the consent form prior to signing and voluntarily signed the form. Forbes did not attempt to procure respondent's consent and did not inform the mother that she could speak to anyone, although the mother was not physically restricted or coerced in any way. After having signed the form, the mother asked whether she could obtain clothes and medicine for the subject child at their

home, which she thereafter did while accompanied by Sherman and Forbes. The mother, who apparently is almost illiterate, testified that she was led to believe by Forbes that petitioner already had a court order to take the subject child from her custody and that she was signing a medical release form.

Pursuant to the consent form, the subject child was placed in foster care temporarily in October 1986 and has remained in such care since that time. Thereafter, on October 30, 1986, petitioner filed a petition under Family Court Act § 1031 for a declaration that the subject child is an abused and/or neglected child. A hearing was held on November 5, 1986, at which respondent requested assigned counsel. After counsel was appointed, respondent filed an application for the return of the subject child (see, Family Ct Act § 1028). At the ensuing November 19, 1986 hearing, respondent suffered a seizure and the hearing was suspended. Thereafter, Family Court advised the parties that the continuation of the hearing would occur on January 6, 1987. At the January 6, 1987 hearing, Family Court refused to proceed on the abuse petition until the related criminal charge had been resolved. After the hearing, the court found that the mother knowingly and voluntarily agreed to temporarily place the subject child in foster care. The court further found that since respondent has been arrested for sexual misconduct involving the subject child, petitioner was bound to remove the subject child from his home immediately.* Therefore, the court found that the temporary removal was necessary to avoid an imminent risk to the subject child's life or health and accordingly denied respondent's application filed under Family Court Act § 1028. Family Court also denied respondent's alternative request for supervised visitation with the subject child. This appeal by respondent ensued.

First, we note that the mother does not contest the finding that her consent to the temporary placement of the subject child was voluntarily and knowingly given in compliance with the requirements of Family Court Act § 1021. Accordingly, respondent's arguments concerning the validity of the mother's consent are not properly before this court. In any event, we have reviewed respondent's contentions in this respect and find them lacking in merit. Moreover, the record supports Family Court's finding that due to the serious nature of the

---

* Family Court noted that respondent has been indicted. It also appears that respondent was released on bail.

allegations, which have resulted in respondent's indictment, temporary removal from respondent's custody is justified *(see,* Family Ct Act § 1028; *see also,* Family Ct Act § 1029).

Respondent next contends that Family Court erred in staying the fact-finding hearing on the abuse petition pending resolution of the related criminal matter. Although a speedy resolution of all matters is in the best interest of the subject child *(see,* Family Ct Act § 1049), we are unable to find, in light of the pending criminal action, that Family Court abused its discretion by issuing the stay *(see,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1014, at 301-304; 12A Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac § 30.01 [1], at 30-9). We find, however, no basis upon the present record for Family Court's denial of respondent's request for supervised visitation with the subject child. The instant hearing did not address the issue of visitation and, accordingly, the record fails to demonstrate that supervised visitation would present a risk to the subject child *(see, Matter of Pablo C.,* 108 Misc 2d 842). The order should therefore be modified and the matter remitted to Family Court for the establishment of a supervised visitation schedule.

We take this opportunity to express our wishes that the criminal case be resolved as soon as reasonably possible in order to avoid any further harmful delay in the determination of the important matters before Family Court *(see, Matter of Germaine B.,* 86 AD2d 847).

Order modified, on the law, without costs, by reversing so much thereof as denied respondent's request for supervised visitation; application granted to that extent and matter remitted to the Family Court of Tioga County for further proceedings not inconsistent herewith; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Harvey, JJ., concur.