■ In the Matter of NEW YORK CITY COMMISSIONER OF SOCIAL SERVICES, on Behalf of JASON C., an Infant, Respondent, v ELMINIA E., Appellant. (Proceeding No. 1.) In the Matter of NEW YORK CITY COMMISSIONER OF SOCIAL SERVICES, on Behalf of JAIRO E., an Infant, Respondent, v ELMINIA E., Appellant. (Proceeding No. 2.)—In two consolidated child abuse proceedings, the appeal is from an order of the Family Court, Kings County (Deutsch, J.), dated June 5, 1987, which denied the appellant's motion for an adjournment of the proceedings pending disposition of a criminal indictment filed against her in the Supreme Court, Kings County.

Ordered that the order is affirmed, without costs or disbursements.

On this appeal, we are asked to decide whether the appellant's constitutionally protected right against self-incrimination will be violated if she is required to proceed to trial in the Family Court proceedings prior to trial in the Supreme Court, Kings County, upon an indictment charging her, *inter alia,* with assault in the second degree of her child Jason C. We conclude that an adjournment of the Family Court matter is not constitutionally mandated.

The Fifth Amendment to the US Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself". This privilege applies in civil and criminal proceedings *(see, e.g., Lefkowitz v Turley,* 414 US 70, 77), and the guarantee of the privilege has the same meaning under the State and Federal Constitutions *(see, e.g., Matter of Gold v Menna,* 25 NY2d 475, 481). Thus, when a State compels testimony by threatening to inflict potent sanctions unless the constitutional privilege is surrendered, that testimony is obtained in violation of the Fifth Amendment and cannot be used against the declarant in a subsequent criminal proceeding *(see, Lefkowitz v Cunningham,* 431 US 801, 805).

In substance, the appellant claims that she is compelled to testify based upon Family Court Act § 1046 (a) (ii) which provides that: "(ii) proof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily

not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child shall be prima facie evidence of child abuse or neglect, as the case may be, of the parent or other person legally responsible".

This statutory presumption is rebuttable and the burden of coming forward with proof is placed upon the parent who is required to offer a satisfactory explanation concerning the injuries *(see, e.g., Matter of Shawniece E.,* 110 AD2d 900; *Matter of Tashyne L.,* 53 AD2d 629). The appellant therefore contends that she is being compelled to come forward and testify to prevent the removal of her child from her home.

The cases upon which the appellant relies, however, have held that a violation of the Fifth Amendment occurs when an automatic penalty follows the failure of a party or witness to testify *(see, e.g., Lefkowitz v Cunningham, supra; Gardner v Broderick,* 392 US 273, *mot to amend remittitur granted* 22 NY2d 909). These cases are distinguishable from the present case, however, since there is no indication that the failure to testify will amount to an automatic finding against the appellant even with the presumption *(see, e.g., Baxter v Palmigiano,* 425 US 308). Moreover, the presumption may be rebutted by the use of other evidence such as medical records. While the appellant's best defense may be her own testimony, this does not amount to compulsion within the meaning of the Fifth Amendment *(see, Yee Hem v United States,* 268 US 178; *Turner v United States,* 396 US 398, *reh denied* 397 US 958; *Barnes v United States,* 412 US 837; *United States v White,* 589 F2d 1283).

We further reject the appellant's argument that she is being deprived of due process. While she is confronted with a difficult choice, i.e., whether to testify and face the possibility that her testimony will be used against her in a criminal proceeding or remain silent and face the possibility of losing her child for 18 months *(see,* Family Ct Act § 1055), she has not been precluded from offering evidence on her own behalf or from cross-examining witnesses *(cf., Matter of Barbara R.,* 66 AD2d 800; *Matter of Ana Maria Q.,* 52 AD2d 607).

In addition, public policy considerations do not warrant the conclusion that the circumstances amount to a deprivation of due process. While, as the appellant contends, there is a strong policy in favor of the preservation of the family unit *(see, e.g., Stanley v Illinois,* 405 US 645, 651; *Meyer v Nebraska,* 262 US 390, 399; *Matter of Marie B.,* 62 NY2d 352),

the State has an overriding interest in the quick disposal of cases where the child has been removed from the home pending the hearing *(see,* Family Ct Act § 1049).

Since we conclude that the adjournment was not constitutionally mandated, the issue of whether an adjournment should have been granted was left to the discretion of the Family Court *(see, Matter of Germaine B.,* 86 AD2d 847). Based upon the record before us, we cannot conclude that the Family Court abused its discretion in denying the adjournment.

Finally, in the alternative, the appellant argues that she should be granted testimonial immunity pursuant to Family Court Act § 1014 (d). We decline to address this issue as it is premature; immunity was not sought nor was the question ruled upon by the Family Court. Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.