■ KEITH SMITH, Respondent, v CAROLYN SMITH, Appellant. —Judgment of the Supreme Court, Bronx County (Arthur Markewich, J.H.O.), entered May 25, 1988, which granted plaintiff husband a divorce on the grounds of defendant wife's abandonment, granted defendant wife a divorce on the ground of adultery by plaintiff husband, denied defendant wife any interest in her husband's pension and the marital residence and released plaintiff husband from a special order of support issued by Family Court, unanimously modified, on the law, without costs, to the extent of vacating the third through sixth decretal paragraphs of the judgment and remanding the matter to IAS Part V for a hearing on equitable distribution of the marital assets before the court or another Judicial Hearing Officer and, except as so modified, affirmed.

Defendant appeals from so much of the judgment as grants divorce in favor of plaintiff and denies maintenance and equitable distribution to defendant. This matter was assigned to a Judicial Hearing Officer to hear and determine. The Judicial Hearing Officer bifurcated the trial as to marital status and economic issues. Upon the close of the status portion of the hearing, the Judicial Hearing Officer found that each party was entitled to a judgment of divorce against the other. This court finds no basis upon which to disturb the finding that defendant abandoned plaintiff and, therefore, no basis to vacate the judgment of divorce in plaintiff's favor.

As to the matter of equitable distribution and maintenance, however, it would appear that the Judicial Hearing Officer, having decided upon a bifurcated trial, proceeded to base his findings in regard to equitable distribution and support on the testimony received during the status portion of the hearing. Granted, some of this testimony concerned the manner in which certain property, notably the marital abode, was acquired. However, having stated that the trial would be bifurcated, it was incumbent upon the Judicial Hearing Officer to receive testimony regarding economic issues separately from the testimony regarding marital status.

The failure to follow the procedural course originally charted resulted in a lack of testimony by defendant regarding the extent of her economic and noneconomic contributions to marital property and the parties' standard of living, or with respect to defendant's health or her foreseeable financial needs (Domestic Relations Law § 236 [B] [5] [d]; *Cassano v Cassano,* 111 AD2d 208; *Levy v Levy,* 53 AD2d 833). Moreover, it appears that, in departing from a bifurcated hearing, the Judicial Hearing Officer improperly considered marital fault in determining the economic issues *(see, O'Brien v O'Brien,* 66 NY2d 576; *Wilson v Wilson,* 101 AD2d 536; *Blickstein v Blickstein,* 99 AD2d 287). Concur—Kupferman, J. P., Ross, Milonas, Wallach and Rubin, JJ.