■ The People of the State of New York, Respondent, v Felipe Perez, Appellant.—Judgment of the Supreme Court, New York County (Leon Becker, J., at trial, plea and sentence), rendered on or about November 30, 1987, convicting defendant, after trial, of criminal possession of a controlled substance in the third degree (indictment No. 4007/87) and, upon a plea of guilty, of criminal sale of a controlled substance in the third degree (indictment No. 9341/87) and sentencing him to two concurrent terms of imprisonment of 5 to 15 years, unanimously affirmed.

Defendant's conviction resulted from his sale of cocaine (crack) on the evening of November 28, 1986. The transaction was witnessed by five police officers stationed on the roof of a six-story building overlooking the corner of Academy Street and Sherman Avenue in the Borough of Manhattan. Defendant, who was distinctively attired and operating in a well-lit area, was observed to place a white package (later discovered to be a folded, white envelope) inside the rear fender of a red van parked at the curb. When approached and engaged in conversation by an individual, defendant was seen to retrieve the envelope, remove something from it (later identified as crack) which he exchanged for currency, and then replace the envelope in the fender of the van. After trial, defendant was convicted of criminal possession of a controlled substance in the third degree (Penal Law § 220.16).

Based upon a subsequent sale of crack to an undercover

police officer on October 6, 1987, defendant was indicted for criminal sale of a controlled substance in the third degree (Penal Law § 220.39). On November 30, 1987, defendant entered a guilty plea to this charge and was given concurrent 5-to-15-year sentences on both the conviction and the guilty plea.

Prior to trial, defendant was afforded a *Sandoval (People v Sandoval,* 34 NY2d 371) hearing in which he sought to forestall potential cross-examination concerning two other pending criminal cases and a bail-jumping incident. At his trial, which was conducted in late October 1987, defendant was asked on cross-examination how he entered the United States. Defense counsel objected to the question on the ground that defendant's illegal entry into the country constitutes an unindicted crime (8 USC § 1325; 18 USC § 1544), evidence of which would prejudice the jury. The People took the position that defendant waived his right against self-incrimination with respect to all offenses not precluded as a result of his *Sandoval* motion.

The law in this area was greatly clarified by the 1987 amendment to CPL 240.43 (L 1987, ch 222, § 2, eff Nov. 1, 1987), to require the People, upon defendant's request, to give notice of all "prior uncharged criminal, vicious or immoral conduct" intended to be used for impeachment purposes at trial. Prior to this amendment, it is unclear whether or not the defendant bore the burden of specifying the particular misconduct sought to be excluded from cross-examination *(see, People v Simpson,* 109 AD2d 461, 464-465). For the purposes of this appeal, it is sufficient to rule that, in view of the importance of this constitutional right *(see, People v Betts,* 70 NY2d 289, 295), the failure of a defendant to specify the nature of the offense for which the privilege against self-incrimination will be invoked during the course of a *Sandoval* hearing will not preclude him from asserting it at trial.

While we conclude that defendant's privilege against self-incrimination was violated by questions put to him concerning his illegal entry into the United States, the error was harmless in view of the overwhelming evidence of defendant's guilt *(People v Crimmins,* 36 NY2d 230). The prosecutor's arguments on summation, alleged to have deprived defendant of a fair trial, were either made in response to defense counsel's summation, were unobjected to by defendant or constituted harmless error.

Defendant's remaining contentions have been examined and

found to be without merit. Concur—Carro, J. P., Milonas, Asch, Ellerin and Rubin, JJ.