(February 15, 1994)

■ In the Matter of ANTHONY C. and Others, Children Alleged to be Neglected. FREDERICK C., Respondent; LENORE GITTIS, as Law Guardian, Appellant, et al., Respondent. [607 NYS2d 324] —Order of the Family Court, New York County (Bruce Kaplan, J.), entered on June 17, 1993, which dismissed five neglect petitions against the respondent father, is unanimously reversed, on the law, the petitions are reinstated, a finding of neglect is made (Family Ct Act § 1012 [f] [i]), and the matter is remanded for a dispositional hearing, without costs.

According to the petitions, the respondent parents were unable to provide proper supervision and guardianship of the five children due to the infliction of excessive corporal punishment by respondent Frederick C. Upon Frederick C., Jr. ("Freddie"), who is currently seven years old. Freddie was taken to the emergency room at Mt. Sinai after expressing suicidal ideation which he attributed to having been beaten by his parents and to the actions of a "mean teacher." Examination revealed the presence of linear scars on Freddie's back consistent with corporal punishment. His father, respondent Frederick C., admitted having administered corporal punishment with a belt, but denied hitting Freddie on the back, but stated that Freddie moved around a lot and it is possible that the belt had landed on Freddie's back. No other credible explanation for the scars is presented in the record.

The Family Court dismissed the petition on the ground that because the scars were not recent but had largely healed, the precipitating event of the suicidal ideation was the "mean teacher" rather than the corporal punishment. The Family Court dismissed the petition for failure to prove neglect by a preponderance of the evidence. We disagree. The evidence presented by the Commissioner of Social Services and the Law Guardian is sufficient to prove neglect by a preponderance of the evidence. We are satisfied that the evidence of scarring caused by admitted infliction of corporal punishment with a belt supports the finding of neglect with respect to Freddie. While a parent is entitled to use reasonable disciplinary

methods to punish a child, the scarring on Freddie's back from repeated corporal punishment indicates a pattern of corporal punishment that exceeds the threshold of reasonableness and constitutes conclusive evidence of impairment *(see, Matter of C. Children,* 183 AD2d 767). We further find that, inasmuch as the record establishes that the other four children, all younger than Freddie, have been subject to similar, though less severe, corporal punishment by respondent Frederick C., they are in imminent danger of being impaired by the imposition of excessive corporal punishment by respondent Frederick C. *(see,* Family Ct Act § 1012 [f] [i]; *Matter of Cruz,* 121 AD2d 901, 902-903; *Matter of Christina Maria C.,* 89 AD2d 855). Concur—Murphy, P. J., Sullivan, Rosenberger and Wallach, JJ.