■ In the Matter of GRACE VV., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARCIA VV., Appellant. [640 NYS2d 322] —White, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered October 20, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Grace VV. a permanently neglected child, and terminated respondent's parental rights.

Respondent's daughter, Grace VV., born in 1989, was placed in petitioner's custody on October 23, 1992, following the filing of an abuse petition alleging that Grace had been sexually abused by her father, respondent's husband. By decision and

order dated April 15, 1993, Family Court determined that Grace was an abused child and granted petitioner custody of her for one year. Thereafter, on November 12, 1993, petitioner commenced this permanent neglect proceeding which, after fact-finding and dispositional hearings, culminated in a finding that Grace was a permanently neglected child and the termination of respondent's parental rights. Respondent appeals.*

In this type of proceeding the threshold question is whether the agency discharged its statutory duty to exercise diligent efforts to encourage and strengthen the parental relationship (*see, Matter of Gregory B.*, 74 NY2d 77, 86). Diligent efforts are "reasonable attempts * * * to assist, develop and encourage a meaningful relationship between the parent and child" (Social Services Law § 384-b [7] [f]).

In this instance, the service plan developed for respondent provided, *inter alia*, that she would have supervised visitation, attend a nonoffender parents group, attend parenting classes and undergo a psychological evaluation to assist petitioner in assessing what services would be appropriate and what limitation she might have toward accessing or benefiting from services. The record shows that after several brief meetings, petitioner's caseworker met with respondent on January 20, 1993 for a case conference where he intended to review the service plan with respondent. However, when he started to do so, respondent left the meeting. Shortly thereafter, the caseworker made a referral for respondent to have a psychological evaluation, but she refused to accept it. Then, on February 16, 1993, she again left a meeting when the discussion turned to her responsibilities under the service plan. She continued to manifest a noncooperative attitude by failing to accept invitations to attend case conferences held in April and October 1993. In addition, respondent failed to heed her case aide's repeated advice to cooperate and communicate with her caseworker.

Respondent's lack of cooperation vitiates her argument that the service plan was not specifically tailored to her needs, since her refusal to undergo a psychological evaluation prevented petitioner from gaining the insight into her circumstances that it needed to develop a plan that might have been more directly addressed to her needs. Respondent's lack of cooperation also negates her argument that petitioner did not exercise diligent efforts since, where an agency develops a service plan only to

* In a separate appeal, we affirmed Family Court's order terminating the parental rights of Grace's father (*see, Matter of Grace VV.*, 226 AD2d 778 [decided herewith]).

be met by a noncooperative parent, it is deemed to have fulfilled its statutory duty (*see, Matter of William KK.*, 214 AD2d 779, 780, *lv denied* 86 NY2d 703; *Matter of Tara KK.*, 200 AD2d 876, 877).

We further reject respondent's argument that Family Court abused its discretion in denying her application under County Law § 722-c for funds to pay a court reporter to transcribe pretrial depositions in light of her failure to establish the necessity therefor (*see, People v Lane*, 195 AD2d 876, 878, *lv denied* 82 NY2d 850; *People v Schneider*, 188 AD2d 754, 757, *lv denied* 81 NY2d 892).

Therefore, for these reasons, and as we concur with Family Court's determination that it was in Grace's best interest to terminate respondent's parental rights, we affirm the order of Family Court (*see, Matter of Star Leslie W.*, 63 NY2d 136, 148).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.