■ In the Matter of GRACE VV., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARLON VV., Appellant. [640 NYS2d 316] —White, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered October 20, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Grace VV. a permanently neglected child, and terminated respondent's parental rights.

Respondent challenges Family Court's determination that he permanently neglected his child on the ground that petitioner did not, as required by Social Services Law § 384-b (7) (a), prove that he failed to plan for the future of the child for a period of more than one year. For the reasons that follow, we reject his contention and, accordingly, affirm Family Court's order.

Facially, the record demonstrates compliance with the temporal requirement contained in Social Services Law § 384-b (7) (a), for it shows that the child came into petitioner's care on October 23, 1992 and that the permanent neglect petition was filed one year and 20 days thereafter on November 12, 1993. Respondent, however, pointing to Family Court's finding that he was hospitalized for approximately 30 to 40 days and apply-

ing Social Services Law § 384-b (7) (d) (ii), contends that the petition was jurisdictionally defective because it was filed 10 days too early.

The statute respondent is relying on provides that "[t]he time during which a parent is actually hospitalized * * * shall not interrupt, but shall not be part of, a period of failure to * * * plan" (Social Services Law § 384-b [7] [d] [ii]). Inasmuch as this is a tolling provision, it was respondent's burden to prove it applicable with evidence showing that he was hospitalized on a 24-hour-per-day basis during the 30 to 40-day period (*see, Hoosac Val. Farmers Exch. v AG Assets*, 168 AD2d 822, 823; *Doyon v Bascom*, 38 AD2d 645, 646; *see also*, 12B Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac § 38.04).

Respondent's only proof on this point is his direct testimony that he was hospitalized four times since June 1993 for approximately 35 to 40 days. As we are not bound by Family Court's finding (*see, Matter of Michael B.*, 58 NY2d 71, 73), our independent analysis of the record leads us to conclude that respondent did not satisfy his burden because his claim of hospitalization is not supported by probative evidence, such as hospital records or medical testimony. Moreover, taking into account that the fact-finding hearing was held on July 13, 1994, it is conceivable that some or all the periods of hospitalization occurred after November 12, 1993.

It is well established that the key date for commencing the calculation of the time period set forth in Social Services Law § 384-b (7) (a) is the date the child came into the custody of the petitioning agency (*see, Matter of Robin PP.*, 222 AD2d 762, 763). Thus, respondent's argument that the time period commenced to run from the date the requirements of the plan were first communicated to him is meritless, particularly in view of respondent's total lack of cooperation and failure to avail himself of the services which petitioner deemed necessary.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.