■ In the Matter of KENNY C., a Child Alleged to be Abused and/or Neglected. ALBERTO P., Appellant; GREASAL R., Respondent. [665 NYS2d 73] —Order of fact finding and disposition (one paper), Family Court, Bronx County (Harold Lynch, J.), entered on or about October 14, 1994, which found that respondent-appellant abused the child, and that both respondents neglected the child through a pattern of violent arguments and turmoil in the household, and placed the child with petitioner agency for a period of up to one year, unanimously affirmed, without costs.

The finding of abuse is supported by the evidence that during a violent quarrel, following a pattern of family violence, appellant recklessly threw a glass object that struck and injured the child, causing a fractured skull and permanent scarring (see, Matter of Tashyne L., 53 AD2d 629, 630). Appellant's contention that the instant proceedings should have been adjourned is unpreserved by any request for such an adjournment after the Family Court was apprised of the status of the criminal case. Were we to reach the merits of the argument, we would find that the court acted properly (see, Matter of Germaine B., 86 AD2d 847, 848). Concur—Milonas, J. P., Rubin, Tom, Mazzarelli and Colabella, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN SMITH, Appellant. [665 NYS2d 863] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered June 2, 1995, convicting defendant, after a jury trial, of burglary in the first degree, and sentencing him, as a second violent felony offender, to a term of 12½ to 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence from which the jury could conclude that defendant injured the victim while in immediate flight from the particular burglary that he had just committed (see, People v Slaughter, 78 NY2d 485).

Defendant's belated mistrial motion failed to preserve his challenges to the People's summation (People v Jackson, 189 AD2d 563, lv denied 81 NY2d 887), and we decline to review them in the interest of justice. Were we to review them, we would find that the challenged remarks were fair comments on the evidence and proper responses to defendant's summation (see, People v Galloway, 54 NY2d 396). Concur—Milonas, J. P., Rubin, Tom, Mazzarelli and Colabella, JJ.