■ In the Matter of JENNY N. and Another, Children Alleged to be Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL

SERVICES, Respondent; MARY H., Respondent-Appellant. [692 NYS2d 554] —Order unanimously affirmed without costs. Memorandum: We reject the contention of respondent that Family Court's finding that she neglected her two children is not supported by the record. Petitioner presented unrebutted proof that Jaime's physical condition was impaired and that Jenny's was impaired or was in imminent danger of being impaired by respondent's use of excessive corporal punishment (see, Family Ct Act § 1012 [f] [i] [B]; § 1046 [a] [ii]; Matter of R. / W. Children, 240 AD2d 207, lv denied 90 NY2d 807; Matter of Anthony C., 201 AD2d 342).

The court did not err in drawing a negative inference from the failure of respondent to testify despite the fact that criminal charges were pending against her for the acts giving rise to this proceeding. Family Court Act article 10 proceedings are civil rather than criminal in nature (see, People v Smith, 62 NY2d 306, 311), and any inference drawn from the failure of respondent to testify does not violate her Fifth Amendment right in the criminal case (see, Matter of New York City Commr. of Social Servs. [Jason C.] v Elmina E., 134 AD2d 501; Matter of Tammy L., 132 Misc 2d 722). In any event, even in the absence of the inference, we conclude that petitioner established by a preponderance of the evidence that respondent neglected the children. (Appeal from Order of Erie County Family Court, Rosa, J.—Neglect.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.