In the Matter of Nicole H. and Another, Children Alleged to be Neglected. Keesha H., Appellant; Commissioner of the Administration for Children's Services, Respondent. [783 NYS2d 575]—

Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about September 5, 2003, which, upon a fact-finding determination that respondent mother had neglected

and inflicted excessive corporal punishment on Nicole H. and derivatively neglected Chazz J., placed Nicole with the Administration for Children's Services and released Chazz to the mother's custody under that agency's supervision for a period of 12 months, unanimously affirmed, without costs.

The findings of excessive corporal punishment are adequately supported by Nicole's out-of-court statements, as testified to by petitioner's caseworker, that the mother had repeatedly hit and punched her about the head and face, pulled her hair and shoved her into a bookcase. These statements were corroborated by the caseworker's observation of a bruise and laceration on Nicole's face and by photographs taken at the hospital. The oral report transmission, which was properly admitted since the unsworn out-of-court statements contained in it were corroborated by evidence supporting their reliability, provided further support for the court's determination (*Matter of Nicole V.*, 71 NY2d 112 [1987]; *Matter of Daniel L.*, 302 AD2d 321 [2003], *lv denied* 100 NY2d 505 [2003]).

Contrary to the mother's contention, the court was entitled to draw the strongest negative inference from her failure to testify (*Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995]). Inasmuch as proceedings under article 10 of the Family Court Act are civil rather than criminal in nature, any inference drawn from the mother's failure to testify does not violate her Fifth Amendment rights in a criminal case pending at the time of the hearing (*Matter of Jenny N.*, 262 AD2d 951 [1999]; *Matter of Gladys H.*, 235 AD2d 841, 842 [1997]; *Matter of New York City Commr. of Social Servs. v Elminia E.*, 134 AD2d 501 [1987]).

In light of the nature and severity of the abuse established with respect to Nicole, the finding of derivative abuse with respect to Chazz was proper, even absent direct evidence of actual abuse of this second child (Family Ct Act § 1046 [a] [i]). Concur—Mazzarelli, J.P., Williams, Friedman, Gonzalez and Catterson, JJ.