Matter of Merrick T. (2006 NY Slip Op 50799(U))

[*1]

Matter of Merrick T.

2006 NY Slip Op 50799(U) [11 Misc 3d 1090(A)]

Decided on May 1, 2006

Family Court, Seneca County

Bender, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 1, 2006

Family Court, Seneca County
In the Matter of Merrick T. and Rowan T.
V-009XX-05/05A

Jonathan A. Orkin, Esq., Attorney for the Petitioner. George R. Wiltsie, Esq., Attorney for the Respondent. Anne S. Galbraith, Esq., Law Guardian.

Dennis F. Bender, J.
The above parties are currently engaged in custody litigation regarding Merrick and Rowan T., their infant children. Also pending is a neglect proceeding against the mother. She is accused of kicking the child Merrick which resulted in a fractured clavicle, and thereafter failing to obtain appropriate medical care. (Family Court proceeding under Docket No. NA-00009-10-06.) The mother has also been charged with the crime of Endangering the Welfare of a Child as a result of the alleged incident, which matter is also pending.
The father now moves for an order directing the mother to submit to an EBT. An oral application has been made for a protective order prohibiting the Department of Social Services Attorney and the District Attorney from being present at the EBT, and further prohibiting the release of any testimony relative to the above incident from being released to them.
The motion to compel is granted. Mr. Orkin shall submit four proposed dates to Mr. Wiltsie by May 15, 2006, and Mr. Wiltsie shall notify Mr. Orkin of the preferred date no later than May 29, 2006. If no agreement is had, the Court shall be notified and a date certain will be ordered.
Regarding the protective order, the Department of Social Services Attorney and District Attorney shall not be present. Neither is a party to the visitation proceeding. Notwithstanding the foregoing, the Court does not place any restrictions on access to the transcripts. Protective orders are appropriate "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice." CPLR 3102(a). The mother has the prerogative of invoking her Fifth Amendment rights at the EBT should she deem the same appropriate. Such an invocation could not be used in any manner against her in the criminal proceeding. While a negative inference might be raised against the mother in the custody or neglect proceedings, (Matter of Phillip DeG., 59 NY2d 137, 141; FCA [*2]§ 1046), such does not violate the mother's Fifth Amendment rights, even if criminal charges are pending. In re Nicole H., 12 AD3d 182 (1st Dept., 2004). Further, the mother's argument that depositions are not commonly allowed in child protective proceedings is also misplaced. The few cases which exist seem to address concerns for the well being of the child, and not the respondent. Unlike with paternity cases in which a respondent cannot be compelled to testify, no similar provision exists in Article 10 proceedings. Thus, while the Respondent may elect to invoke Fifth Amendment rights if deemed appropriate, nothing precludes a respondent in a neglect proceeding, just as with a custody proceeding, from being called to testify in the first instance. It follows that an EBT could have been demanded if the petitioner in the Article 10 proceeding so chose.
This constitutes the decision and order of the Court.
Dated: May 1, 2006________________________________________
Hon. Dennis F. Bender, JFC