motion to vacate granted, and matter remitted to the Supreme Court for a new trial.

■ In the Matter of EMILY I., a Child Alleged to be Abused. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMY J., Appellant. [854 NYS2d 792]—

Lahtinen, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered April 17, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be abused.

In November 2004, respondent, the mother of Emily I. (born in 2000), became angry with the child's father when he told her that reconciliation of their fractured relationship was not feasible. She approached the father with a handgun as he was holding the child in his arms and threatened to shoot him, stating that she planned to carry through on the threat even if it meant the child would be harmed. Shortly thereafter and while he was still holding the child, respondent shot and seriously injured the father. She was charged with the crimes of attempted murder and reckless endangerment. Also, petitioner commenced this proceeding alleging abuse. Respondent requested that the hearing on the abuse proceeding be adjourned until after the criminal case against her had been resolved so she could freely testify at the abuse hearing. Family Court denied the request and, following a hearing, found the child to be abused by respondent. Respondent appeals.

We affirm. It is within the discretion of Family Court whether to permit an abuse petition to proceed despite the pendency of a criminal action against the respondent and the concomitant chilling effect the pending criminal action may have on the respondent's decision whether to testify in the abuse proceeding (see Matter of Germaine B., 86 AD2d 847, 848 [1982]; see also Matter of Gladys H., 235 AD2d 841, 843 [1997]; Matter of Derra G., 232 AD2d 211, 211-212 [1996]; Matter of New York City Commr. of Social Servs. v Elminia E., 134 AD2d 501, 502 [1987]). There is a general policy in favor of resolving an abuse proceeding expeditiously (see Family Ct Act § 1049; Matter of Joseph DD., 300 AD2d 760, 762 n 6 [2002], lv denied 100 NY2d 504 [2003]; Matter of Maria L., 152 AD2d 466, 467 [1989]; cf.

*Matter of Beverly SS.*, 132 AD2d 825, 827 [1987]). We are unpersuaded that Family Court abused its discretion in concluding that further delay of this proceeding would not be in the child's best interest. We also note that Family Court did not draw a negative inference from respondent's decision not to testify (*see Matter of Derra G.*, 232 AD2d at 212).

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.