Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about May 17, 2011, which, upon a fact-finding determination of neglect, placed the children Leah G. and Taqia T.G. in the custody of the Commissioner of Social Services until completion of the next permanency hearing, unanimously affirmed insofar as it brings up for review the fact-finding determination, and the appeal from the order otherwise dismissed without costs, as moot. Fact-finding order, same court and Judge, entered on or about April 20, 2011, which determined that respondent mother had neglected the three subject children, unanimously affirmed as to the neglect finding with respect to the child Taqia T.G., and the appeal from the order otherwise dismissed, without costs, as superseded by the appeal from the order of disposition.
The finding of neglect as to Leah is supported by a preponderance of the evidence (Family Ct Act § 1046 [b] [i]) that the mother had inflicted excessive corporal punishment on Leah by beating her with her hands or a belt, and leaving a mark that was visible approximately one year later (see Matter of Anthony C., 201 AD2d 342, 342-343 [1st Dept 1994]; see also Family Ct Act § 1012 [f] [i] [B]). Leah’s out-of-court statements to the *612 caseworker regarding the beatings and the marks were corroborated by the caseworker’s observation of the marks (Matter of Ameena C. [Wykisha C.], 83 AD3d 606, 607 [1st Dept 2011]) and by the out-of-court statements of Tiara and Taqia (see Matter of Shayna R., 57 AD3d 262, 262-263 [1st Dept 2008]).
The findings of neglect as to Taqia and Tiara are also supported by a preponderance of the evidence. Those children told an agency caseworker that the mother had inflicted similar, though less severe, corporal punishment on them. Accordingly, they are in imminent danger of being impaired by the imposition of excessive corporal punishment by the mother(see Matter of Anthony C., 201 AD2d at 343). The findings of neglect as to all three children are also supported by the evidence that the mother had failed to pick Leah up from the police after she was arrested, had behaved in an erratic and aggressive manner, and had been found guilty of neglect in prior proceedings (see Matter of Joyce A-M. [Yvette A.], 68 AD3d 417, 418 [1st Dept 2009]). We see no reason to disturb the court’s credibility determinations (see generally Matter of Irene O., 38 NY2d 776, 777 [1975]).
The placement of Leah and Taqia has been rendered moot by the expiration of the dispositional order from which the mother appeals (see Matter of Joyce A-M., 68 AD3d at 417-418). The mother has no basis to challenge the disposition as to Tiara since the dispositional order does not concern that child and the mother has not appealed from the subsequent order of disposition involving the child. We note that we are concerned about Leah’s placement in view of the fact that she has absconded from the institution in which she has been placed. Concur— Gonzalez, P.J., Friedman, Moskowitz, DeGrasse and Freedman, JJ.