Matter of Majesty M. (Brandy P.) (2018 NY Slip Op 07726)





Matter of Majesty M. (Brandy P.)


2018 NY Slip Op 07726


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-08772
2017-08775
 (Docket No. N-219-17)

[*1]In the Matter of Majesty M. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Brandy P. (Anonymous), respondent-appellant, et al., respondent.


Salihah R. Denman, Harrison, NY, for respondent-appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Stephanie Bazile of counsel), for petitioner-respondent.
Robert M. Rametta, Goshen, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Orange County (Lori Currier Woods, J.), dated April 24, 2017, and (2) an order of disposition of the same court dated July 10, 2017. The order of fact-finding, insofar as appealed from, after a hearing, found that the mother neglected the subject child due to narcotics trafficking and the unsanitary conditions of the home. The order of disposition, upon the order of fact-finding and after a hearing, inter alia, placed the subject child in the custody of the Orange County Department of Social Services until the completion of the next permanency hearing.
ORDERED that the appeal from so much of the order of fact-finding as found that the mother neglected the subject child is dismissed, without costs or disbursements, as that portion of the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is modified, on the law and the facts, by deleting the provision thereof, upon the order of fact-finding, determining that the mother neglected the subject child due to the unsanitary conditions of the home; as so modified, the order of disposition is affirmed, without costs or disbursements, and the order of fact-finding is modified accordingly.
"To establish neglect of a child, a petitioner must demonstrate by a preponderance of the evidence, first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Taylor P. [Kevin R.], 163 AD3d 678, 678-679, quoting Nicholson v Scoppetta, 3 NY3d 357, 368; see Family Ct Act §§ 1012[f][i]; 1046[b][i]).
We agree with the Family Court's finding that the petitioner established, by a preponderance of the evidence, that the mother failed to provide the child with proper supervision and guardianship. The evidence demonstrated that she placed the child in near proximity to narcotics and to the very dangerous activity of narcotics trafficking, which posed an imminent danger to the child's physical, mental, and emotional well-being (see Matter of Diamonte O. [Tiffany R.], 116 AD3d 866, 867; Matter of Sarah A. [Daniel A.], 109 AD3d 467; Matter of Evan E. [Lasheen E.], 95 AD3d 1114, 1114-1115; Matter of Paul J., 6 AD3d 709, 710).
However, we disagree with the Family Court's finding that the petitioner established, by a preponderance of the evidence, that the mother neglected the child by failing to supply the child with adequate shelter based on the unsanitary conditions of the home. While the evidence adduced at the fact-finding hearing demonstrated that the home was in a general state of disarray, it did not establish unsanitary or unsafe conditions such that the child's physical, mental, or emotional condition was impaired or in imminent danger of impairment (see Matter of Iyanah D., 65 AD3d 927, 927-928; Matter of Erik M., 23 AD3d 1056, 1057; cf. Matter of Jessica DiB., 6 AD3d 533).
The mother's contention that the Family Court should have adjourned the neglect proceeding because a related criminal matter was pending against her is without merit (see Matter of Diane H., 5 AD3d 770, 771; Matter of Derra G., 232 AD2d 211; Matter of New York City Commr. of Social Servs. v Elminia E., 134 AD2d 501; Matter of Germaine B., 86 AD2d 847, 848).
Finally, although the Family Court should not have admitted into evidence testimony from a caseworker regarding the contents of an anonymous report to the State Central Registry (see Family Ct Act § 1046[a][v]), such error was harmless as the finding that the mother neglected the child was supported by admissible evidence (see Matter of Jeremiah J.W. [Tionna W.], 134 AD3d 848, 849).
The mother's remaining contentions are without merit.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court