Matter of ALaura C. N. (Iyonna P.--Damien N.) (2023 NY Slip Op 01481)

Matter of ALaura C. N. (Iyonna P.--Damien N.)

2023 NY Slip Op 01481

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Kapnick, J.P., Kern, Gesmer, Moulton, Higgitt, JJ. 

Docket No. B-1041/21 B-1043/21 Appeal No. 17533-17533A Case No. 2022-02207 

[*1]In the Matter of ALaura C. N. and Another, Dependent Children Under Eighteen Years of Age etc., Little Flower Children and Family Services of New York, Petitioner-Respondent, Iyonna P., Respondent-Appellant, Damien N., Respondent. 

Andrew J. Baer, New York, for appellant.
Law Office of Ira L. Eras, P.C., Brooklyn (Ira L. Eras of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (Ashley B. Black, J.), entered on or about April 7, 2022, which, after a hearing, to the extent appealed from, terminated the parental rights of respondent mother and transferred the custody and guardianship of the subject children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs. Appeal from fact-finding order, same court and Judge, entered on or about January 10, 2022, which, to the extent appealed from, found that the mother had permanently neglected the children, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of permanent neglect is supported by clear and convincing evidence that the mother failed to plan for the children's future, notwithstanding the agency's diligent efforts to assist her in doing so (see Social Services Law § 384-b[7][a]; Matter of Sheila G., 61 NY2d 368, 385 [1984]). The mother did not acknowledge, much less meaningfully address, the situation that led to the children's removal in the first place — namely, the sexual abuse of the two older daughters by their father (see Matter of Gloria Melanie S., 47 AD3d 438, 438 [1st Dept 2008]). Furthermore, the mother refused to enroll in or complete the required sex offender program despite continued encouragement from the case planner during the relevant time period (see Matter of Iasha Tameeka McL. [Herbert McL.], 135 AD3d 601, 601 [1st Dept 2016]; Matter of Emily Jane Star R. [Evelyn R.], 117 AD3d 646, 647 [1st Dept 2014]). 
In addition, a preponderance of the evidence supports the determination that it was in the children's best interests to terminate the mother's parental rights and enable the foster mother to adopt the children. The record shows that the children had been in the same pre-adoptive foster home for four years and were well-bonded to the foster mother, who wished to adopt them and had been meeting their special needs (see Matter of Ashley R. [LaTarsha R.], 103 AD3d 573, 574 [1st Dept 2013], lv denied 21 NY3d 857 [2013]).
The court properly drew a negative inference against the mother because of her failure to testify (see Matter of Rachel S.D. [Luis N.], 113 AD3d 450, 450 [1st Dept 2014]). Since the Family Court proceeding is civil in nature, the mother's Fifth Amendment rights in the criminal case that was pending against her at the time of the hearing were not implicated (see Matter of Nicole H., 12 AD3d 182, 183 [2004]).
We have considered the mother's remaining contentions, including that the court improvidently exercised its discretion in denying her request for an adjournment, and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023