Matter of A.R. (A. A.) (2025 NY Slip Op 02170)

Matter of A.R. (A. A.)

2025 NY Slip Op 02170

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Docket No. NN-01394/21|Appeal No. 3168-3168A|Case No. 2023-04852|

[*1]In the Matter of A.R., a Child Under the Age of Eighteen Years, etc., A. A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Kenneth M. Tuccillo, Hastings on Hudson, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Martin Rowe, III of counsel), for respondent.
Karen Freedman, Lawyers for Children Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about June 14, 2023, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about February 14, 2023, which found, after a hearing, that respondent neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Respondent's contention that the court should not have proceeded with the last day of the fact-finding hearing in his absence, raised for the first time on appeal, is unpreserved for review (see Matter of Anthony G. v Stephanie H., 189 AD3d 615, 616 [1st Dept 2020], lv denied 36 NY3d 911 [2021]). Even if we were to review this claim, we would find, for the reasons set forth below, that respondent's absence from the proceedings did not violate his due process rights.
On the last day of the fact-finding hearing, the officer at the prison where respondent was being held relayed to the trial court that the respondent "refuse[d] to appear." Respondent's counsel stated that she was prepared to proceed in respondent's absence. Respondent's counsel indicated that she would not be putting on a case, and the court entered a finding of neglect against respondent. Respondent's mother, who was present for the hearing, informed the court that her son was ill and that was the reason for his nonappearance. The court instructed respondent's counsel to verify the mother's statement, and it was confirmed that respondent had not been produced for the fact-finding because he was hospitalized and receiving treatment. The court then noted that if respondent's nonappearance was due to his illness, it would be a "perfectly valid reason for an adjournment or a continuance." Respondent's counsel made no such application.
While it is concerning that respondent's nonappearance on the last day of the fact-finding hearing was determined to be unwilful only after the court entered a finding of neglect against him and drew a negative inference from his nonappearance, respondent has not raised any issue regarding representation by his counsel (see Matter of Anthony G., 189 at 616), nor has respondent made a motion for rehearing or moved to vacate the order (see Family Ct Act § 1042). It is undisputed that respondent's counsel was present at all stages of the fact-finding hearing and participated on his behalf (see Matter of Anthony G., 189 AD3d at 616), and that the child was represented by counsel (see Family Ct Act § 1042).
Turning to the merits of petitioner's case, a preponderance of the evidence supports the finding that respondent neglected the child by inflicting an act of domestic violence upon the mother, resulting in injuries that required treatment at the hospital, while the child was present in the home (see Matter of Amelia A. [Saul A.], 223 AD3d 401, 401 [1st Dept 2024]). That the finding was based [*2]on a single incident did not preclude Family Court from entering a finding of neglect, because "a single incident where the parent's judgment was strongly impaired and the child was exposed to a risk of substantial harm can sustain a finding of neglect" (Matter of Allyerra E. [Alando E.], 132 AD3d 472, 473 [1st Dept 2015], lv denied 26 NY3d 913 [2015]). The court credited the testimony of the mother and the caseworker as to the nature and severity of the mother's injuries, and its credibility determinations are entitled to deference (see Matter of N.R. [D.W.], 227 AD3d 596, 596 [1st Dept 2024]). Furthermore, respondent failed to offer any contradictory evidence, and his claim that the mother's injury resulted from an accidental push has no support in the record. Given that respondent elected not to testify, the court was entitled to draw the strongest negative inference against him (see Matter of Nicole H., 12 AD3d 182, 183 [1st Dept 2004]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025