■ In the Matter of SAMANTHA ZZ., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TAMMY A., Appellant. [634 NYS2d 253] —Mikoll, J. P. Appeal from an order of the Family Court of Ulster County (Work, J.), entered August 31, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Samantha ZZ. a permanently neglected child, and terminated respondent's parental rights.

In November 1992, a petition was filed against respondent, alleging that her child, Samantha ZZ. (born in 1991), was permanently neglected. A finding of permanent neglect was made and after a dispositional hearing, Family Court found that petitioner exerted diligent efforts to strengthen and encourage the parent-child relationship between Samantha and respondent and that, despite those efforts, respondent failed to plan for the return of the child to her care for a period of more than one year.* The court rejected respondent's defense, raised for the first time at the dispositional hearing, that she was under the control of Matthew ZZ. (hereinafter the father) and abused by him and should be exonerated for the extent of Samantha's prolonged foster care.

Family Court found that though there were instances of abuse of respondent by the father, she did not lack a will of her own and rejected all assistance offered to her to assist in extricating herself from the abusive situation. The court found that respondent was likely to return to the father should he return to the area and this created an untenable living situation for the child.

---

* A separate petition was filed against Matthew ZZ., who failed to appear at the dispositional hearing.

Based on respondent's excessive use of alcohol and drugs, her meager visitation record, her failure to utilize the various programs offered to her by petitioner for rehabilitation and counseling, her failure to part with the father and the violence of the relationship, it was in Samantha's best interest to terminate the parental rights of respondent and the father and to free the child for adoption.

We conclude that Family Court's finding that petitioner used diligent efforts to strengthen respondent's relationship with the child is supported in the record by clear and convincing evidence (*see, Matter of C. Children,* 170 AD2d 254). There is also clear and convincing evidence that respondent failed to plan for the child's return although physically and financially able to do so. Social Services Law § 384-b (7) (a) creates the presumption that a parent is physically and financially able to plan for the return of the child. The record discloses that her caseworker helped respondent apply for public assistance and Medicaid benefits which respondent acknowledged she was receiving. Aside from her alcoholism, respondent failed to demonstrate that her inability to care for her child was caused by other than her own acts.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.