■ In the Matter of ROBIN QQ., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; REBECCA QQ., Appellant. [640 NYS2d 337] —Spain, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered December 13, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Robin QQ. a permanently neglected child, and terminated respondent's parental rights.

Respondent is the mother of Robin QQ. (born in 1993).* The infant was placed with petitioner on March 12, 1993; on July 28, 1993, with the consent of respondent, she was adjudicated to be a neglected child. A dispositional order, also with the consent of respondent, was entered on July 28, 1993 which, *inter alia*, placed the child in petitioner's custody for 12 months. By petition dated May 31, 1994, petitioner commenced the instant proceeding alleging the child to be permanently neglected and requesting termination of respondent's parental rights. After a fact-finding hearing and a dispositional hearing, Family Court sustained the petition and terminated respondent's parental rights. Respondent appeals.

We affirm. Respondent's contentions that the finding of permanent neglect was against the weight of the evidence, because

---

* In *Matter of Robin PP.* (222 AD2d 762), this Court affirmed an order of Family Court which adjudicated the same child to be permanently neglected by her biological father and terminated his parental rights.

she took advantage of the services offered by petitioner, and that termination was against the best interest of the child are not supported by the record. Her further assertion that petitioner failed to use diligent efforts to reunite her with her child (see, Social Services Law § 384-b [7] [a], [f]) is without merit. The record reveals that petitioner, despite the efforts of her caseworker and various counselors, left an inpatient alcohol rehabilitation program before completing the program, and thereafter, refused to reenter recommended inpatient treatment, and then did not avail herself of recommended alternative outpatient treatment. The record is clear that despite her documented needs and the dispositional plan of July 28, 1993 to which she agreed, petitioner failed to complete any alcohol rehabilitation programs. Furthermore, she failed to successfully complete any recommended psychological counseling programs or parenting programs to which she was referred. Respondent's own testimony confirms her failure to follow through on treatment and programs.

Although regular and consistent visitation was an integral part of the service plan, the record shows that respondent rarely took advantage of the extra visitation arranged by the child's foster mother (in 1993 and 1994 respondent took advantage of only seven out of 60 opportunities for extra visits) and when visitation did occur she consistently showed minimal, if any, interaction with the child. The record fully supports by clear and convincing evidence Family Court's determination that petitioner fulfilled its obligation to use diligent efforts to encourage and strengthen the parental relationship (see, Matter of Samantha ZZ., 221 AD2d 865; Matter of Timothy M., 220 AD2d 891) and that respondent failed to comply with the provisions of the 1993 dispositional order.

Finally, in view of respondent's chronic alcoholism, her psychiatric history, her failure to take full advantage of the services offered by and through petitioner, her failure to take full advantage of visitation opportunities with the child and her continued relationship with an abusive husband, we conclude that she failed to take the steps necessary to correct the conditions which led to the removal of the child (see, Social Services Law § 384-b [7] [a], [c]) and that it was in the child's best interest to terminate respondent's parental rights (see, Matter of Samantha ZZ., supra, at 866).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.