■ In the Matter of PATRICK H., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATRICK I., Appellant. [640 NYS2d 690] —Spain, J. Appeal from an order of the Family Court of Tompkins County (Frawley, J.H.O.), entered January 27, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be a permanently neglected child.

In September 1991 Patrick H. (born in 1989) was adjudicated to be a neglected child as defined in Family Court Act § 1012 (f) (i) (B) based upon a finding, *inter alia*, that respondent exposed the child to the sexual abuse that he imposed on his paramour's other children; a subsequent dispositional order placed the child in the custody of petitioner for 12 months. Thereafter, in August 1992, petitioner commenced a permanent neglect proceeding. Petitioner alleged that it made diligent efforts to encourage and strengthen respondent's parental relationship with the child and that despite these efforts, respondent failed to plan for the future of the child by, *inter alia*, not participating in and completing a sex offender treatment program and by failing to admit to his sexual abuse of his paramour's children. Respondent denied the allegations and, as affirmative defenses, alleged that petitioner failed to make diligent efforts to encourage and strengthen his relationship with the child and, further, that his refusal to admit a need for sexual counseling is based upon his continued claim of his innocence of the charge of sexual abuse. In August 1993, in a separate petition, respondent sought the return of the child; Family Court, viewing respondent's petition to be frivolous, consolidated it with the permanent neglect proceeding.

At the commencement of the fact-finding hearing, petitioner offered its entire case file into evidence, noting that it was previously sent to respondent's counsel for review and to allow respondent's counsel an opportunity to request appropriate redactions; respondent's counsel did not respond with any suggested redactions. Respondent objected to the file based on relevancy grounds, specifically noting that it deals primarily with visitation, which was not an issue at the hearing. Petitioner, however, argued that the file provided proof of the diligent efforts made on its part, thereby making the contents of the file relevant; Family Court admitted the entire file. Following the hearing, Family Court concluded that petitioner fulfilled its duty to exercise diligent efforts to reunite respondent with the

child, that respondent had chosen not to utilize the services offered and that respondent's failure to admit to sexual abuse was evidence of his failure to plan for the child's future, and adjudicated the child to be permanently neglected. Following a dispositional hearing, Family Court ordered that respondent's parental rights be terminated. Respondent appeals.

We affirm. Initially, we reject respondent's contention that Family Court erred by admitting petitioner's entire case file without redacting inadmissible material. The record reveals that respondent's counsel was given upwards of four months to review the file and request appropriate redactions; respondent's counsel never took advantage of this opportunity. We conclude that respondent's counsel received notice of intent and had ample opportunity to investigate before the commencement of the hearing and, therefore, respondent suffered no prejudice by the admission of petitioner's entire case file (*see, Matter of Leon RR.*, 48 NY2d 117, 123-124; *Matter of Shawn C. A.*, 110 AD2d 697, 698, *lv denied* 65 NY2d 605; *Matter of Melanie Ruth JJ.*, 76 AD2d 1008, 1009, *lv denied* 51 NY2d 710; *cf., Matter of Christina C.*, 185 AD2d 843, 844-845).

We also reject respondent's contention that petitioner failed to make diligent efforts to encourage and strengthen his relationship with the child. Social Services Law § 384-b (7) (c) states that planning for the future of a child means "to take such steps as may be necessary to provide an adequate, stable home and parental care for the child within a period of time which is reasonable under the financial circumstances available to the parent". A parent must, at a minimum, take whatever steps necessary to correct the conditions which initially led to the child's removal (*see, Matter of Nathaniel T.*, 67 NY2d 838, 840; *Matter of Chianti FF.*, 205 AD2d 849, 850). In the case at bar, the child was initially removed, in part, because Family Court determined that respondent had sexually abused two of his paramour's children; therefore, it was proper for Family Court, as part of its dispositional order and in furtherance of respondent's planning for his child's future, to order him to attend a sex offender treatment program (*see, e.g., Matter of Dutchess County Dept. of Social Servs. [Tina D.] v Kenneth D.*, 213 AD2d 714, 715; *Matter of Travis Lee G.*, 169 AD2d 769, 770).

However, despite his consistency in maintaining regular visitation with his son, respondent never completed a sex offender program or the alcohol and drug treatment which was also ordered in the dispositional order and part of the service plan. Respondent's contention that, as a prerequisite to admis-

sion into a sexual abuse program, he first had to admit to sexual abuse is belied by the record which reveals that neither program offered to respondent required respondent's admission to sexual abuse as a prerequisite to admittance. It is clear that it was respondent's own actions which precluded him from receiving the help available from a sex offender program, rather than the program denying his entrance.

The record fully supports by clear and convincing evidence Family Court's determination that petitioner fulfilled its obligation to use diligent efforts to encourage and strengthen the parental relationship (*see, Matter of Samantha ZZ.*, 221 AD2d 865, 866; *Matter of Timothy M.*, 220 AD2d 891, 892), that respondent failed to take the steps necessary to correct the conditions which led to the removal of the child (*see,* Social Services Law § 384-b [7] [a], [c]) and that it was in the child's best interest to terminate respondent's parental rights (*see, Matter of Samantha ZZ., supra,* at 866).

We have reviewed respondent's remaining contention, that Family Court erred by allowing the testimony of a child protective worker employed by petitioner, and conclude that it was not preserved for appellate review and, in any event, is lacking in merit.

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.