■ In the Matter of PHILIP D., a Child Alleged to be Permanently Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PHILIP B., Appellant. (Appeal No. 2.) [698 NYS2d 139] —Order unanimously affirmed without costs. Memorandum: This is an appeal from an order terminating the parental rights of respondent with respect to his son born on June 10, 1996, on the ground that his son was permanently neglected. Respondent's son was placed in a foster home on June 13, 1996, upon release from the hospital after his birth, and had lived there continuously until petitioner, Erie County Department of Social Services (DSS), filed a permanent neglect petition in December 1997. At the fact-finding hearing, the case planner testified that respondent had visited his son sporadically until May 1997, when his visitation ceased. She further testified that respondent failed to complete several requirements of the service plan to which he had agreed, including finding suitable housing, completing parenting classes and following the recommendations of a substance abuse evaluation.

Family Court properly concluded that DSS exercised diligent efforts to strengthen the parental relationship (see, Matter of Star Leslie W., 63 NY2d 136, 142; Matter of Sheila G., 61 NY2d 368, 380-381). The record supports the court's conclusion that, despite those diligent efforts, respondent failed to maintain contact with his son or plan for his son's future (see, Matter of Star Leslie W., supra, at 142). The incarceration of respondent after May 1997 does not eliminate his responsibility to maintain contact with his son (see, Matter of Delores B., 141 AD2d 100, 106, affd sub nom. Matter of Gregory B., 74 NY2d 77).

We reject the contention of respondent that the court abused its discretion in terminating his parental rights and freeing his son for adoption rather than entering a suspended judgment. The court's focus at the dispositional hearing is the best interests of the child (see, Matter of Star Leslie W., supra, at 147). Respondent's son has been in a foster home since birth, and his foster mother wished to adopt him. The court's assessment that respondent was not likely to change his behavior is entitled to great deference (see, Matter of Nathaniel T., 67 NY2d 838, 842), and thus we conclude that the court's refusal to enter a suspended judgment was in the best interests of the child. (Appeal from Order of Erie County Family Court, Szczur, J.—Terminate Parental Rights.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.