■ In the Matter of MATTHEW H., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GERALD G., Appellant. (Appeal No. 1.) [710 NYS2d 493] —Order unanimously affirmed without costs. Memorandum: Petitioner commenced this proceeding seeking to terminate the parental rights of respondent with respect to three children on the ground of permanent neglect. Respondent is the biological father of two of the children, Anthony G. and William James G., and is the stepfather or former stepfather of the third, Matthew H. Based on respondent's admission, Family Court determined that respondent had permanently neglected the children, and the court committed their guardianship and custody to petitioner for the purpose of freeing them for adoption.

Contrary to respondent's contention, the court did not err in determining that respondent permanently neglected Matthew. Although the court ascertained that Matthew is not respondent's child, the court made clear to respondent that his admission concerned all three children named in the petition. The court asked respondent if he admitted failing to visit "the kids", failing to plan for the future of "the children", and failing to cooperate with petitioner's plan to have "them" returned to respondent. To all those queries, respondent answered, "Yes." Thus, there is no basis on this record to disturb the court's determination with respect to Matthew based on any alleged inadequacy in respondent's admission.

There is no merit to the contention of respondent that he may not be found to have permanently neglected a child who is not his biological child. The statutes governing the substantive aspects of permanent neglect proceedings (see, Social Services Law § 384-b [1] [b]; [7] [a]; see generally, Social Services Law § 371 [2], [4-a], [4-b]), as well as their procedural counterparts (see, Family Ct Act § 614 [1] [d]; § 633 [a]), authorize a permanent neglect proceeding against a "parent or custodian" (see generally, Matter of Sheila G., 61 NY2d 368, 380; Matter of Robin PP., 222 AD2d 762, 763). Under the circumstances, respondent was properly named in the petition as Matthew's custodian (see, Matter of Charlene TT., 217 AD2d 274, 275-276 [stepfather]; Matter of Crystal Q., 173 AD2d 912, lv denied 78 NY2d 855 [stepfather]; Matter of Ursula J., 169 Misc 2d 148, 153 [putative father]).

The court did not abuse its discretion in refusing to enter a suspended judgment (see, Matter of Lauren Annette Mc L., 270 AD2d 102; Matter of Mark M., 267 AD2d 1045; Matter of Philip

*D.*, 266 AD2d 909). (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.