*D.,* 266 AD2d 909). (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present— Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.

■ In the Matter of ANTHONY G., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GERALD G., Appellant. (Appeal No. 2.) [711 NYS2d 377] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Matthew H.* (274 AD2d 975 [decided herewith]). (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.

■ In the Matter of WILLIAM JAMES G., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GERALD G., Appellant. (Appeal No. 3.) [711 NYS2d 377] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Matthew H.* (274 AD2d 975 [decided herewith]). (Appeal from Order of Erie County Family Court, Dillon, J.—Terminate Parental Rights.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN PETTIGREW, Appellant. [711 NYS2d 821] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of criminal contempt in the first degree (Penal Law § 215.51 [c]), a class E felony. He was sentenced to an indeterminate term of incarceration of 1½ to 3 years. That sentence is illegal. Because defendant was not sentenced as a second felony offender, the minimum term of imprisonment cannot exceed one third of the maximum term (*see,* Penal Law § 70.00 [3] [b]). Thus, we modify the judgment by vacating the sentence and we remit the matter to Supreme Court for resentencing. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Criminal Contempt, 1st Degree.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v WALTER CASPER, III, Defendant. [711 NYS2d 819] —Motion for change of venue denied. Memorandum: We conclude that defendant has not met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Ontario County (CPL 230.20 [2]). If it develops during the voir dire that a fair and impartial jury cannot be drawn, an appropriate motion may then be made. The relief