■ In the Matter of ANGIE M.P., an Infant. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD M.P., Appellant. (Appeal No. 1.) [737 NYS2d 490] —Appeal from an order of Family Court, Jefferson County (Hunt, J.), entered November 27, 2000, which, inter alia, terminated respondent's parental rights on the ground of mental retardation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly terminated the parental rights of respondent with respect to his daughter on the grounds of mental retardation and permanent neglect. Petitioner established by clear and convincing evidence that respondent suffers from "subaverage intellectual functioning which originate[d] during the developmental period and is associated with impairment in adaptive behavior to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child" (Social Services Law § 384-b [6] [b]; see, Social Services Law § 384-b [3] [g]). Petitioner further established that respondent is "presently and for the foreseeable future unable, by reason of * * * mental retardation, to provide proper and adequate care" for his daughter (Social Services Law § 384-b [4] [c]; see, Matter of Michael E., 241 AD2d 635, 636-637; Matter of Kimberly J., 216 AD2d 940, 941, lv denied 87 NY2d 801) and that, despite petitioner's diligent efforts to encourage and strengthen the parental relationship, respondent failed substantially and continuously to plan for the future of his daughter (see, Social Services Law § 384-b [7] [a]). Respondent was resistant to any of the assistance or services offered to him, and was unwilling or unable to change and provide a safe and appropriate home for his daughter.

The court did not abuse its discretion in denying respondent's

motion for recusal (*see, Shuman v Bower,* 278 AD2d 860; *Matter of Petkovsek v Snyder* [appeal No. 6], 251 AD2d 1087, *lv denied in part and dismissed in part* 92 NY2d 942). "Where, as here, there is no allegation that recusal is statutorily required (*see,* Judiciary Law § 14), the matter of recusal is addressed to the discretion and personal conscience of the Justice whose recusal is sought" (*Matter of Card v Siragusa,* 214 AD2d 1022, 1023; *see, People v Moreno,* 70 NY2d 403, 405). There is no evidence in the record of any bias or prejudice on the part of the court (*see, Matter of Petkovsek v Snyder, supra* at 1087). Respondent's further contention that the court's conduct during the trial was improper is without merit (*see, Chirumbolo v Chirumbolo,* 75 AD2d 992, 993; *see generally, People v Yut Wai Tom,* 53 NY2d 44, 56-58). Present—Hayes, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.