■ In the Matter of YUSEF P. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBRA P., Appellant. [748 NYS2d 120] —Appeal from an order of Family Court, Erie County (Rosa, J.), entered March 22, 2001, which adjudged that Yusef P. is a permanently neglected child, transferred respondent's guardianship and custody rights to petitioner, and authorized petitioner to consent to the child's adoption.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly adjudged that respondent's son is a permanently neglected child, transferred respondent's guardianship and custody rights to petitioner, and authorized petitioner to consent to the child's adoption. The record supports the court's determination that the termination of respondent's parental rights is in the best interests of the child (*see Matter of Nathaniel T.*, 67 NY2d 838, 842; *Matter of Katherine D.*, 275 AD2d 985) and, in view of respondent's drug use and history of mental illness, the court did not abuse its discretion in refusing to enter a suspended judgment (*see generally Matter of Matthew H.*, 274 AD2d 975, 975-976). Respondent failed to preserve for our review her

contention that the testimony of the child's foster mother was immaterial and irrelevant (*see Matter of Patrick H.*, 226 AD2d 921, 923; *Matter of Elizabeth Q.*, 126 AD2d 905, 906) and, in any event, that contention is lacking in merit. Furthermore, the court did not err in admitting the hearsay testimony of one of petitioner's caseworkers at the dispositional hearing (*see* Family Ct Act § 624; *Matter of George A.*, 257 AD2d 620, 620-621; *cf. Matter of Nicole Lee B.*, 256 AD2d 1103), and thus respondent's counsel was not remiss in failing to object to that testimony. Finally, ineffectiveness of respondent's counsel may not be "inferred merely because [he] counseled respondent to admit [to] the allegations in the petition" (*Matter of Nasir H.*, 251 AD2d 1010, 1010, *lv denied* 92 NY2d 809; *see also Matter of Michael W.*, 266 AD2d 884, 884-885). It is clear from the statements of respondent's counsel to the court that respondent's decision to admit to the allegations of permanent neglect was a matter of strategy. Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.