■ In the Matter of SUSAN C. and Another, Infants. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GERTRUDE C., Appellant. [749 NYS2d 761] —Appeal from an order of Family Court, Genesee County (Adams, J.), entered July 23, 2001, which, inter alia, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order of disposition that, upon a finding of permanent neglect, terminated her parental rights with respect to her two daughters,

transferred the guardianship and custody of the children to petitioner, and freed them for adoption. Contrary to respondent's contention, Family Court's finding of permanent neglect is supported by clear and convincing evidence establishing that, despite diligent efforts by petitioner to encourage and strengthen the parental relationship, respondent failed substantially and continuously or repeatedly to plan for the future of the children for a period of more than one year following their placement with petitioner, although physically and financially able to do so (*see* Social Services Law § 384-b [7] [a]; *Matter of Angie M.P.,* 291 AD2d 932, *lv denied* 98 NY2d 602; *Matter of Kerensa D.* [appeal No. 2], 278 AD2d 878, *lv denied* 96 NY2d 707; *see generally Matter of Star Leslie W.,* 63 NY2d 136, 142-143). Contrary to respondent's further contention, the court did not abuse its discretion in declining to enter a suspended judgment (*see Matter of Jason J.,* 283 AD2d 982; *Matter of Matthew H.,* 274 AD2d 975). "The court's focus at the dispositional hearing is the best interests of the child * * * [and] [t]he court's assessment that respondent was not likely to change [her] behavior is entitled to great deference" (*Matter of Philip D.,* 266 AD2d 909, 909; *see Jason J.,* 283 AD2d 982). Present—Pine, J.P., Hayes, Scudder, Kehoe and Lawton, JJ.