■ In the Matter of KYLE S. and Another. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ARLENA S.-C., Appellant. [782 NYS2d 213]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered May 19, 2003 pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly adjudicated respondent's children to be permanently neglected and terminated respondent's parental rights. Petitioner met its burden of establishing that it provided "services and other assistance aimed at ameliorating or resolving the problems preventing [the children's] return to respondent's care" (*Matter of Kayte M.*, 201 AD2d 835, 835 [1994], *lv denied* 83 NY2d 757 [1994]) and thereby established "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between respondent and the child[ren]" (*Matter of Ja-Nathan F.*, 309 AD2d 1152, 1152 [2003]; *see* Social Services Law § 384-b [7] [a]). Petitioner also met its burden of establishing that "respondent failed substantially and continuously or repeatedly to plan for the future of the children for a period of more than one year following their placement with petitioner, although physically and financially able to do so" (*Matter of Susan C.*, 1 AD3d 991, 991 [2003]; *see* § 384-b [7] [a]; *Matter of Angie M.P.*, 291 AD2d 932 [2002], *lv denied* 98 NY2d 602 [2002];

*Matter of Kerensa D.* [appeal No. 2], 278 AD2d 878 [2000], *lv denied* 96 NY2d 707 [2001]; *see generally Matter of Star Leslie W.,* 63 NY2d 136, 142-143 [1984]). "Although respondent participated in [some of] the services offered by petitioner, [s]he failed to address successfully the problems that led to the removal of the child[ren] and continued to prevent [their] safe return" (*Ja-Nathan F.,* 309 AD2d at 1152; *see Matter of Shanika F.,* 265 AD2d 870 [1999]; *Matter of Rebecca D.,* 222 AD2d 1092 [1995]).

We further conclude that the court did not abuse its discretion in declining to enter a suspended judgment. " 'The court's focus at the dispositional hearing is the best interests of the child[ren] . . . [and] [t]he court's assessment that respondent was not likely to change [her] behavior is entitled to great deference' " (*Matter of Jason J.,* 283 AD2d 982, 982 [2001], quoting *Matter of Philip D.,* 266 AD2d 909, 909 [1999]; *see Matter of Nathaniel T.,* 67 NY2d 838, 842 [1986]; *Matter of Susan C.,* 299 AD2d 943, 944 [2002]). Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.