In the Matter of STEPHEN S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VICTOR S., Appellant. [785 NYS2d 266]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered September 8, 2003 in a proceeding pursuant to Family Ct Act article 6. The order adjudged that the child is a permanently neglected child and terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly adjudicated respondent's child Stephen to be permanently neglected and terminated respondent's parental rights with respect to him. Contrary to respondent's contention, we conclude that the court properly determined that petitioner made the requisite diligent efforts to reunite respondent with Stephen (*see* Social Services Law § 384-b [7] [a]; *Matter of Kyle S.*, 11 AD3d 935 [2004]; *see generally Matter of Sheila G.*, 61 NY2d 368, 384 [1984]). Petitioner established that it made arrangements for counseling for both of respondent's children with respect to the sexual abuse of Stephen by his brother; made arrangements for therapeutic visitation between respondent and Stephen; made arrangements for parenting classes for respondent; and attempted to assist respondent in making a viable plan for Stephen's return to the home. Despite respondent's attendance at visitation, parenting classes and therapy sessions, we further conclude that respondent "remained unable to address the

sexual abuse that led to the removal of [Stephen] from [respondent's] home" and was unable to make a viable plan for Stephen's safety in the event that Stephen returned to respondent's home (*Matter of Rebecca D.*, 222 AD2d 1092, 1092 [1995]). We therefore conclude that the court properly determined that respondent failed substantially and continuously to plan for Stephen's future (*see Kyle S.*, 11 AD3d at 935-936; *Matter of Ja-Nathan F.*, 309 AD2d 1152 [2003]; *Matter of Jessica P.*, 291 AD2d 935 [2002]; *Rebecca D.*, 222 AD2d 1092 [1995]; *see generally Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). Finally, the court did not abuse its discretion in denying respondent's request for a suspended judgment (*see Kyle S.*, 11 AD3d at 936). Present—Pine, J.P., Hurlbutt, Scudder, Martoche and Lawton, JJ.