■ In the Matter of JOSE R. and Others, Infants. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; JOSE R., Appellant. [821 NYS2d 719]—

Appeal from an order of the Family Court, Monroe County (Gail A. Donofrio, J.), entered May 20, 2005. The order, among other things, terminated the parental rights of respondent with respect to two of his three children.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly adjudicated respondent's children to be permanently neglected and terminated respondent's parental rights with respect to Jose R. and Adrianne R. Contrary to respondent's contention, petitioner met its burden of establishing by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen respondent's relationship with the children (*see* Social Services Law § 384-b [7] [a]; *Matter of Geoffrey N.*, 16 AD3d 1167 [2005]; *see generally Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]). Petitioner also met its burden of establishing that, despite those efforts, "respondent failed substantially and continuously or repeatedly to plan for the future of the children for a period of more than one year following their placement with petitioner, although physically and financially able to do so" (*Matter of Susan C.*, 1 AD3d 991, 991 [2003]; *see* Social Services Law § 384-b [7] [a]; *see generally Star Leslie W.*, 63 NY2d at 142-143). Respondent failed to comply with the requirements of his service plan that he successfully complete substance abuse counseling, mental health treatment, and domestic abuse counseling and comply with the conditions of his parole. Contrary to the further contention of respondent, the court did not abuse its discretion in refusing to enter a suspended judgment with respect to Jose and Adrianne. Although respondent had made some progress after the filing of the petition, the record of the dispositional hearing establishes that he was still abusing drugs, had anger issues, and had no employment or stable housing. Thus, any progress that respondent made "was not sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status" (*Matter of Maryline A.*, 22 AD3d 227, 228 [2005]). The court did not err in admitting hearsay testimony of the caseworkers at the dispositional hearing (*see Matter of Yusef P.*, 298 AD2d 968, 969; *Matter of George A.*, 257 AD2d 620, 620-621 [1999]). We have considered

respondent's remaining contention and conclude that it lacks merit. Present—Hurlbutt, J.P., Gorski, Martoche and Pine, JJ.