■ In the Matter of NOEMI D., an Infant. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARGARET S., Appellant. [842 NYS2d 808]—

Appeal from an order of the Family Court, Cattaraugus County (Lynn L. Hartley, J.H.O.), entered September 16, 2005 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, adjudged that the child is a permanently neglected child and terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order terminating her parental rights based on a finding of permanent neglect and transferring her guardianship and custody rights to petitioner. We reject respondent's contention that petitioner failed to demonstrate by clear and convincing evidence that it had exercised diligent efforts to strengthen the parent-child relationship and to reunite respondent with her child (*see generally Matter of Sheila G.*, 61 NY2d 368, 373 [1984]). Indeed, the record establishes that, despite petitioner's efforts to strengthen the parental relationship by providing respondent with drug and alcohol counseling, biweekly visitation with the child, and joint counseling for respondent and the child, respondent was unable to recognize the child's emotional and developmental needs or her own role in contributing to the child's psychological problems, including a diagnosis for "reactive attachment disorder." The "unwillingness on respondent's part to recognize and address the [child's] particular, specialized needs was properly considered by [the c]ourt as evidence of a failure to take the steps necessary to provide [the child] with appropriate care" (*Matter of Ashlee X.*, 244 AD2d 707, 708 [1997]). We fur-

ther reject respondent's contention that Family Court abused its discretion in refusing to enter a suspended judgment (see *Matter of Jose R.*, 32 AD3d 1284, 1285 [2006], *lv denied* 7 NY3d 718 [2006]). The court properly declined to enter a suspended judgment inasmuch as the record establishes that any progress made by respondent "was not sufficient to warrant any further prolongation of the child's unsettled familial status" (*Matter of Maryline A.*, 22 AD3d 227, 228 [2005]; *see Jose R.*, 32 AD3d at 1285).

Also contrary to respondent's contention, the court did not err in admitting in evidence certain psychological reports under the business records exception to the hearsay rule (*see* CPLR 4518; *Matter of Ricky A.B.*, 15 AD3d 838, 839 [2005]). Finally, the court properly allowed the child's psychologist to testify concerning certain out-of-court statements made by the child. Those statements were offered to show the child's state of mind rather than to establish the truth of the matter asserted (*see generally People v Tosca*, 98 NY2d 660 [2002]; *People v Felder*, 37 NY2d 779, 780-781 [1975]; *Matter of Mateo v Tuttle*, 26 AD3d 731, 732 [2006]). Present—Hurlbutt, J.P., Gorski, Lunn, Fahey and Peradotto, JJ.