■ In the Matter of LILIAN I. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FRANK B., Appellant. [875 NYS2d 725]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered September 26, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that the subject children are permanently neglected children and terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order terminating his parental rights with respect to four of his children on the ground of permanent neglect, respondent father contends that petitioner failed to establish that it made the requisite diligent efforts to reunite him with the children (*see* Social Services Law § 384-b [7] [a], [f]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]). We reject that contention (*see Matter of Brittany K.*, 59 AD3d 952 [2009]; *Matter of Ja-Nathan F.*, 309 AD2d 1152 [2003]). Petitioner established that it made arrangements for supervised visitation between the father and the children; suggested three

different parenting programs in which the father could participate to meet the requirements of his "return plan"; offered to enlist the services of an individual who spoke the father's native language to assist during visitation; encouraged the father to apply for public assistance in order to obtain sufficient income to support the children; and encouraged the father to help his son to comply with the order of protection that prohibited that son's contact with the children in question (*see Matter of Abraham C.*, 55 AD3d 1442, 1443 [2008], *lv denied* 12 NY3d 701 [2009]; *Matter of Stephen S.*, 12 AD3d 1181 [2004]).

Contrary to the further contention of the father, we conclude that Family Court properly determined that he failed to plan for the future of the children. " '[T]o plan for the future of the child[ren]' shall mean to take such steps as may be necessary to provide an adequate, stable home and parental care for the child[ren]" (Social Services Law § 384-b [7] [c]). "At a minimum, [a] parent[ ] must 'take steps to correct the conditions that led to the removal of the child[ren] from [his or her] home' " (*Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *see Matter of Stephen S.*, 12 AD3d 1181 [2004]; *Matter of Ja-Nathan F.*, 309 AD2d 1152 [2003]). Here, the record establishes that the father believed that he had not done anything to warrant the removal of the children from his home and, according to the testimony of the director of the supervised visitation program, he stated that he did not know why they were removed. He ultimately blamed the removal of the children on his eldest daughter, who alleged that she had been sexually abused by the father's son who was the subject of the order of protection. "Because [the father] failed to make any progress in overcoming the problems that initially endangered the children and continued to prevent their safe return, the court properly found that [he] was unable to make an adequate plan for [his] children's future" (*Matter of Rebecca D.*, 222 AD2d 1092 [1995]). Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.