# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**38**
**CAF 10-00241**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF HOLDEN W.
------------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL            MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

KELLY W., RESPONDENT-APPELLANT.

---

EMILY A. VELLA, SPRINGVILLE, FOR RESPONDENT-APPELLANT.

STEPHEN J. RILEY, OLEAN, FOR PETITIONER-RESPONDENT.

MICHAEL J. SULLIVAN, ATTORNEY FOR THE CHILD, FREDONIA, FOR HOLDEN W.

---

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered January 8, 2010 in a proceeding pursuant to Social Services Law § 384-b.  The order terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order terminating her parental rights pursuant to Social Services Law § 384-b on the ground of permanent neglect and transferring guardianship and custody of the child in question to petitioner.  Contrary to the mother's contention, petitioner established by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen the mother's relationship with the child (*see Matter of Sheila G.*, 61 NY2d 368, 373).  The record establishes that, inter alia, petitioner referred the mother to treatment programs for substance abuse and mental health, both of which she failed to complete, and assisted her with transportation.  Petitioner also intervened on the mother's behalf to prevent the termination of her Medicaid benefits.

We further conclude that Family Court properly determined that the mother failed to plan for the child's future (*see Matter of Rachael N.*, 70 AD3d 1374, *lv denied* 15 NY3d 708; *Matter of Lilian I.*, 60 AD3d 1491, 1492).  During the 18 months between the placement of the child in foster care and the permanent neglect hearing, the mother failed to complete her treatment programs, continued to associate with the child's abusive father and appeared for at least two supervised visits with the child while under the influence of alcohol.  At one of those visits, a breathalyzer test indicated that the mother had a

blood alcohol content of .10%.  Finally, based on the conduct of the mother and considering the supportive and loving environment provided by the proposed adoptive parents, we conclude that the court did not abuse its discretion in denying the mother's request for a suspended judgment (*see Matter of Tiara B.*, 70 AD3d 1307, *lv denied* 14 NY3d 709; *Matter of Emmeran M.*, 66 AD3d 1490; *Matter of Jose R.*, 32 AD3d 1284, 1285, *lv denied* 7 NY3d 718).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court