People v Rizzo (2021 NY Slip Op 04153)





People v Rizzo


2021 NY Slip Op 04153


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2013-11249
 (Ind. No. 12-00371)

[*1]The People of the State of New York, respondent,
v
Paul Rizzo, appellant.


Gary E. Eisenberg, New City, NY, for appellant, and appellant pro se.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek and Jacob B. Sher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Thomas E. Walsh II, J.), rendered October 29, 2013, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed on the conviction of criminal possession of a weapon in the third degree; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Rockland County, for resentencing on the conviction of criminal possession of a weapon in the third degree.
The defendant was charged and tried for the assault of a supermarket security guard, who testified that an individual matching the defendant's description had attacked him with a baseball bat after he denied that individual and his companions entry into the store.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree and criminal possession of a weapon in the third degree beyond a reasonable doubt (see People v Ozarowski, 38 NY2d 481, 491 n 3; People v Anderson, 161 AD3d 1097; People v Gurgov, 129 AD3d 989, 990; People v Johnson, 63 AD3d 470), and to establish the defendant's identity as the perpetrator (see People v Tripp, 162 AD3d 691). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence.
The defendant's contention regarding prosecutorial misconduct during summation is without merit, as the prosecutor's remarks were responsive to defense counsel's summation, within the bounds of permissible rhetorical comment, and constituted fair comment on the evidence (see People v Moore, 29 AD3d 825, 825-826).
Contrary to the defendant's contention, the fact that the sentence imposed after the [*2]trial was more severe than the one offered earlier during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to a trial (see People v Arman, 188 AD3d 1237, 1238).
As the People correctly concede, the minimum term of imprisonment imposed by the sentencing court on the count of criminal possession of a weapon in the third degree was illegal because it exceeded one-third of the maximum term imposed (see Penal Law §§ 70.00 [2][d]; [3][b]; 265.02), and must be modified accordingly, upon remittal to the County Court, Rockland County (see People v Pettigrew, 274 AD2d 976). Neither the maximum sentence imposed on that count, however, nor the sentence imposed on the count of assault in the second degree, were excessive (see People v Suitte, 90 AD2d 80).
The defendant's challenges to the felony complaint, raised in his pro se supplemental brief, have been rendered academic, since the felony complaint was superseded by an indictment (see People v Petion, 186 AD3d 1410, 1411).
The defendant's further contention, raised in his pro se supplemental brief, that he was deprived of a fair trial based on allegations of alleged prosecutorial and other misconduct, is not reviewable on direct appeal since it relies on matter dehors the record (see CPL 440.10[2][b]; People v Dixon, 138 AD3d 1016, 1017; People v Craft, 104 AD3d 786, 787-788). Similarly, the defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109). Under the circumstances, a CPL 440.10 proceeding is the appropriate forum for reviewing such a claim in its entirety, and we decline to review it on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's further contention, also raised in his pro se supplemental brief, that the County Court erred in polling the jury, is unpreserved for appellate review because he failed to object before the jury was discharged, at a time when the court could have addressed and remedied the error (see People v Shaver, 86 AD3d 800, 802-803; People v Vazquez, 82 AD3d 1273, 1274; People v Nairne, 258 AD2d 671), and we decline to reach it in the interest of justice.
The defendant's remaining contention, raised in his pro se supplemental brief, is without merit.
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court